Mr. Justice Hall
dissenting:
I concur in reversal of the judgment, but conclude that the trial court should be directed to dismiss Morrisons’ complaint and to enter a decree quieting Hayden’s title to the lands involved.
I am of the opinion that plaintiffs’ complaint does not, with reference to Parcel A, state a claim showing the plaintiffs to be entitled to the relief requested, or any relief.
With reference to Parcel A, the only claim made thereto by Morrisons is found in the following language of the complaint: “ * * * the plaintiffs have been in adverse possession of this property for a period in excess of eighteen (18) years.”
Morrisons’ claim is predicated on C.R.S. ’53, 118-7-1, which, among other things, provides: “ * * * Eighteen *442 years adverse possession of any land shall be conclusive evidence of absolute ownership.”
True, the complaint follows the wording of the statute, but that is not enough. It is universally held that the statutory period of possession must be continuous, uninterrupted. and adverse. Eighteen years of adverse possession is not enough. Nor are twenty-five or fifty years enough, unless at sometime there are eighteen consecutive years of continuous, uninterrupted, adverse possession.
The complaint failing to so allege is fatally defective.
The record clearly discloses more than eighteen years of adverse possession by Morrisons. With almost equal clarity it appears that Morrisons had adverse possession from sometime after 1936 to 1945 (less than nine years), followed by permissive possession from 1945 to 1949 (four years), then followed by adverse possession from 1949 until shortly before this action was commenced in 1960 (eleven years).
The majority opinion recognizes, that in order to prevail, Morrisons were required to prove eighteen years of continuous, uninterrupted, adverse possession. It would seem elementary that one who states a claim, as provided by Rule 8, Colo. R.C.P.:
“ * * * a short and plain statement of the claim showing that the pleader is entitled to relief; * * * ” should not be called upon to prove more than alleged in the complaint. If in order for Morrisons to prevail they had to prove eighteen years continuous adverse possession, then it follows that a complaint failing to so state does not state a claim.
The findings of the trial court are equally inadequate to sustain a judgment quieting title to parcel A in the Morrisons.
The only finding of the trial court with reference to Morrisons’ title or possession is as follows:
“2. That the plaintiffs, George D. Morrison and Lillian Morrison have been in adverse possession of the prop *443 erty hereinafter described for a period of more than eighteen (18) years prior to the commencement of this action.”
I am persuaded that the evidence offered by Morrisons does not establish the fact of their continuous, uninterrupted, adverse possession for any period of eighteen years.
Testimony of the plaintiff George D. Morrison is to the contrary. He testified that Orahoods, predecessors in title to Hayden, had permitted him to use Parcel A.
“Q. * * *. Referring to the land called the Hayden land, the southwest quarter of Section 11 [record title to which now stands in the name of Hayden], who owned that land when you first moved in in 1936, Mr. Morrison? A. Judge Orahood. Q. How long did the Orahood family own that land, if you know? A. I don’t. Q. Approximately when did the Haydens begin using that land, if you know, Mr. Morrison? A. I can’t remember the exact year. Q. Referring, Mr. Morrison, to Parcel A, were you permitted to run cattle on that? A. Yes. Q. Were you permitted to use it as you wished? A. Yes. Q. Did the Orahoods permit you to do that? A. Jack Brown had that; he turned it over to me. Q. He permitted you to use it? A. That’s right. Q. Had the Hayden’s permitted you to use Parcel A, Mr. Morrison? A. By renting, yes, through Mr. Peterson.”
Thus we see that according to the testimony of Morrison, his entry into Parcel A was permissive. Morrisons’ use of Parcel A was with the permission of Ora-hood. The length of time that Morrisons enjoyed this permissive use by Orahoods is not disclosed by the record.
Further, it is undisputed that one Peterson was the lessee of Hayden’s land from 1941 until 1961, and that during the period 1945-1949 he subleased the land to Morrisons. With reference to this sublease, Morrison testified as follows:
“Q. Mr. Morrison, did you lease the southwest quar *444 ter of Section 11 from Mr. Peterson? A. I did. Q. And during what years did you lease that quarter section from Mr. Peterson? A. I don’t believe I can give you the exact years. Q. Was it between 1936 and 1949? A. If I remember right, it was right around between ’45 and ’49. Q. Do you remember approximately how many years you leased that quarter section, Mr. Peterson? [Morrison], A. Three, I believe. I’m not sure. THE COURT: What was the answer? A. Three, I think. Q. Did you pay for that quarter section and the lease? A. Yes. Q. How much was it a year?” A. $150.00. Q. Did you lease the entire quarter section, Mr. Morrison? A. That’s right.”
The foregoing testimony of Morrison clearly shows a three-year period of permissive use. Morrison did not have eighteen years of adverse use before or after this three-year period of permissive use; hence, according to his own testimony, he acquired no title to Hayden’s land.
It is true that the record discloses that after Morrison had testified, as above set forth, with reference to his original entry with the permission of Orahood and his permissive possession and use under the sublease from Peterson, he was further interrogated and, apparently having become better oriented and gotten his bearings, stated that his testimony did not refer to Parcel A, and stated with reference thereto: “That was my land.”
That bald legal conclusion is manifestly lacking in verity. At the time of his sublease from Peterson, 1945-1949, Morrison’s adverse use had extended only from 1936 — at most, thirteen years. Needless to say, adverse use for thirteen years did not cast Morrison in his announced role of “owner.”
I take the position that a party to litigation is bound by his testimony as to facts, and that to seek to explain away the effect of such testimony cannot be accomplished by stating a patently incorrect legal conclusion: “That was my land.”
*445 In my opinion, as a matter of law Morrison’s evidence was insufficient to warrant any finding of eighteen consecutive years’ continuous, uninterrupted, adverse possession of Parcel A. In fact his testimony proved the contrary.
The judgment should be reversed and title to Parcel A quieted in Hayden.
Mr. Justice Moore joins in this dissenting opinion.